■ In the Matter of Charles Marchesi, Appellant, v. Charles Cowan et al., Constituting the Village Board of the Village of Lindenhurst, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination removing petitioner from his position as a highway foreman, made pursuant to section 75 of the Civil Service Law, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated August 25, 1966, which dismissed the petition. Judgment reversed, on the law, without costs; respondents' determination annulled; and matter remanded to respondents for rehearing and reconsideration in accordance with the decision herein. Respondents' determination was based upon two employment applications purportedly filed in the Village Clerk's Office and a criminal record sheet obtained from the Suffolk County Police Department. For evidentiary purposes under section 82 of the Village Law and CPLR 4540, there should have been testimony of the source of the official records and of the identity of appellant with the criminal record sheet. With appellant represented by counsel at the administrative hearing and having an opportunity to examine and explain these records, we might have overlooked the nonadherence to evidentiary rules (*Matter of Sowa* v. *Looney,* 23 N Y 2d 329). However, we are of the

opinion that counsel's reliance on the technical rules of evidence applicable to judicial proceedings at this pre-*Sowa* administrative hearing should be excused and, in the interests of justice, appellant should be afforded a full hearing. We suggest that, while strict adherence to technical rules of evidence is not required at administrative hearings, such rules should not be deliberately avoided. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.